Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK**

| | |
|---|---|
| AMANDA HAGER, | |
| *Plaintiff,* | **Case:**    **17-7450** |
| - against - | |
| NATIONAL RECOVERY AGENCY, | |
| *Defendants.* | |

**VERIFIED COMPLAINT**

Plaintiff AMANDA HAGER, by her counsel the LAW OFFICES OF LAWRENCE

KATZ sues Defendant, and states:

**JURISDICTIONAL ALLEGATIONS**

1.      At all times material to this lawsuit, Plaintiff, Amanda Hager ("Amanda")

is domiciled in the District of New Jersey.

2.      At all times material to this lawsuit, NATIONAL RECOVERY AGENCY

("NRA") does business in the State of New Jersey.

3.      All acts necessary or precedent to bringing this lawsuit occurred or

accrued in the District of New Jersey.

4.      Federal law governs the facts and questions of law precedent to this suit.

5.      This Court has jurisdiction.

**NATURE OF ACTION**

6.      This lawsuit is brought for violations alleged under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

7.      Debt collectors routinely use a cause of action of Account Stated to commence judicial action against a debtor for a debt that is otherwise unascertainable.

8.      The least sophisticated consumer does not know of the consequences for the failure to dispute an account stated.

9.      A debtor has a right to duly obtain bankruptcy to discharge debt ("discharged debts").

10.      11 U.S. Code § 523 of the bankruptcy code excludes certain debts from discharge.  For example, 11 U.S. Code § 523(a)(3) lists an exception to debts that were not properly listed for discharge.  The least sophisticated consumer would have difficulty to distinguish when an exception applies. When a debt collector sends a collection letter for a discharged debt, the consumer is easily misled to believe that the subject debt was not discharged.

11.      The discharged debt in this case arises from a medical bill that was duly discharged in bankruptcy.

12.      NRA has a malicious practice of troubling debtors into collection of a discharged debt, by issuing a letter of account stated informing the debtor that the account stated is duly owed.  NRA in issuing an account stated for a discharged debt anticipates that the least sophisticated consumer in not disputing the account stated will renew or reaffirm the obligation to pay.

13.      The FDCPA 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt, which include a negative implication

prohibiting a debt collector from misrepresenting a discharged debt as duly owed. The FDCPA

15 U.S.C. § 1692e(2)(A) also includes a negative implication prohibiting a debt collector from

misrepresenting a discharged debt as not having been discharged.

14.     The FDCPA 15 U.S.C. § 1692e(5) prohibits making a threat to take any

action that cannot legally be taken or that is not intended to be taken, which include the

prohibiting a debt a collector from threatening to pursue collection on a debtor for a discharged

debt.

15.     The FDCPA 15 U.S.C. § 1692e(8) prohibits communicating or threatening

to communicate to any person credit information which is known or which should be known to

be false, which include a communicating to the consumer that the failure to dispute a discharged

debt will result in assuming that the discharged debt is duly owed.

## PARTIES

16.     Amanda is a consumer as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17.     NRA is a debt collector as defined by 15 U.S.C. § 1692a(6) of the

FDCPA.

18.     NRA are engaged in the business of acquiring debt for collection.

19.     Without waving the right to joinder of individuals and entities party to this

suit, upon information and belief, this complaint does not join other parties, if any, who cannot

be made a party without depriving this court of subject-matter jurisdiction because upon

information and belief, the causes of action are attributed directly to the named defendant.

## RELEVANT FACTS

20.     On or about April 23, 2015, Amanda filed a voluntarily petition for

bankruptcy in the District of New Jersey (15-17463-RG) in which Schedule F included a $600

debt for a medical bill dated 2012 claimed by Defendant, a true copy of which filing is attached hereto as **Exhibit A**.

21.      On or about April 26, 2015, the bankruptcy court issued to NRA a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" a true copy of which is attached hereto as **Exhibit B**.

22.      The NRA did not contest Amanda's petition for bankruptcy.

23.      On or about July 31, 2015, the Bankruptcy Court entered an order discharging Amanda ("discharge order"), a true copy of which is attached hereto as **Exhibit C**.

24.      On or about April 4, 2015, NRA issued to Amanda an account statement demanding payment a $600 debt for a medical bill dated 2012 that was previously discharged in bankruptcy, a true copy of which collection letter is attached hereto as **Exhibit D.**

25.      NRA's letter of account statement states that if Amanda does not dispute the account stated the NRA will assume the debt as being duly owed for purposes of pursuing collection.

26.      NRA injured Amanda's right to receive truthful information regarding the subject discharged debt.

27.      NRA injured Amanda's right to be left alone from a discharged debt.

28.      NRA interfered with Amanda's right to rehabilitate from discharged financial difficulties.

29.      The least sophisticated consumer would not know that a debt collector defendant is not allowed to keep collecting on a discharged debt.

30.      The least sophisticated consumer does know what Account Stated means.

31.     The least sophisticated consumer does not know that he or she has no obligation to respond to the collection of a discharged debt.

32.     The least sophisticated consumer is easily misled that the bankruptcy discharge did not affect the subject debt because a professional debt collector continues to send collection letters.

## CLAIMS FOR RELIEF

33.     Plaintiff incorporates herein all of the allegations stated in paragraphs from 1 to 32, for relief on behalf of himself and all others similarly situated against Defendant under 28 U.S.C. §§ 1331 and 15 U.S.C. § 1692e *et seq.*

34.     The bankruptcy discharge protects Amanda from collection of a discharged debt.

35.     **First:** In violation of 15 U.S.C. § 1692e(2)(A) by issuing the account stated, NRA falsely represented the character, amount, or legal status of a discharged debt as duly owed.

36.     **Second:** In violation of 15 U.S.C. § 1692e(2)(A) NRA mischaracterized the subject debt as not having been discharged.

37.     **Third:** In violation of 15 U.S.C. § 1692e(5), NRA threatened Amanda to collect a discharged debt, an action that cannot legally be taken.

38.     **Fourth:** In violation of 15 U.S.C. § 1692e(5), NRA threatened Amanda to collect a discharged debt, an action that is not intended to be taken.

39.     NRA knew or should have known that Amanda sought bankruptcy protection.

40.      **Fifth:** In violation of 15 U.S.C. § 1692e(8) NRA threatened to communicate Amanda's credit information after knowing that Amanda was discharged from such debt.

41.      Amanda has no other adequate remedy at law available to redress and remedy this controversy for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and

award damages as follows:

a) FOR EACH CLAIM FOR RELIEF against National Recovery Agency, (i) recovery of actual damages, (ii) statutory damages for Plaintiff, and (iii) costs with attorney's fees, and (iv) such further and any other relief deemed just and equitable.

b) Plaintiff respectfully demands a trial by jury of all claims so triable.

Dated: Valley Stream, New York
September 25, 2017

Respectfully submitted,

Law Offices of Lawrence Katz,

/s/       Lawrence Katz

By:     Lawrence Katz

## **VERIFICATION**

I Amanda Hager verify to Rule 11(b) of the Federal Rules of Civil Procedure and under the laws prohibiting perjury, that I conducted a reasonable inquiry to the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

1.  The factual allegations stated in the foregoing related to me are true to the best of my knowledge.

2.  The factual allegations stated in the foregoing related to the Defendant is made to the best of my knowledge by familiarity of the facts and statements Defendant or its agents made, while reserving the right to verify its veracity or dispute them.

Dated:  Brooklyn, NY
            September 25, 2017

Respectfully submitted,

/s/

By:  Amanda Hager