Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK

|  |  |  |
|---|---|---|
| AMANDA HAGER, | : | **Case:**   **17-7450** |
| *Plaintiff,* | : | |
| - against - | : | |
| NATIONAL RECOVERY AGENCY, | : | |
| *Defendants.* | : | |

## AFFIRMATION IN SUPPORT OF ATTORNEY FEES

COUNSEL LAWRENCE KATZ of the LAW OFFICES OF LAWRENCE KATZ states:

1.      I represent the Plaintiff, Amanda Hager, and state the following based upon personal knowledge under the laws prohibiting perjury.

2.      I am a 1985 graduate of the Boston University School of Law.  Over the past 20 years, I have represented hundreds of consumers in both the state and federal level. My expertise and experience in FDCPA cases is evidenced by twenty-four (24) published opinions developed throughout the Second and Third Circuits.  My expertise in consumer cases reach well beyond the FDCPA onto the full spectrum of representing consumers in proceedings of bankruptcy, foreclosure, and money judgments. (Referred herein as "LK").  My hourly rate in this matter is a reduced rate of $350.

3.      In this action, I have worked together with Levi Huebner ("Huebner"), a New York attorney a 1996 graduate from Brooklyn Law School.  He has represented hundreds of

clients on both the federal and state level, and also has experience in cases of FDCPA, money judgments, and civil rights. (Referred herein as "LH"); his hourly rate in this matter is also a reduced rate of $350.

      4.      On or about April 23, 2015, Plaintiff filed a voluntarily petition for bankruptcy in the District of New Jersey (15-17463-RG) in which Schedule F included a $600 debt for a medical bill dated 2012 claimed by Defendant, National Recovery Agency. (ECF 7-1). The following day, the bankruptcy court mailed to Defendant a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." (ECF 7-2). Defendant did not contest the entry of bankruptcy. On or about July 31, 2015, the Bankruptcy Court entered an order discharging Plaintiff. (ECF 7-3).

      5.      On or about April 4, 2017, Defendant issued to Plaintiff an account statement demanding payment a $600 debt for the same discharged medical bill. (ECF 7-4). Defendant's letter of account statement states that if Amanda does not dispute the account stated Defendant will assume the debt as being duly owed for purposes of pursuing collection. Defendant injured Defendant's right to receive truthful information regarding the subject discharged debt. The least sophisticated consumer would not know that a debt collector is not allowed to keep collecting on a discharged debt thus deceiving the consumer into making admissions that would cause the consumer to unintentionally renew the liability of the discharged debt.

      6.      On September 25, 2017, Plaintiff commenced this action. (ECF 1). Due to a typo in the original complaint, Defendant sought to invoke a statute of limitations defense, despite there being none and FRCP Rule 61 requires disregarding such typos.  As a direct result, on November 20, 2017, Plaintiff filed an amended complaint, which is enclosed as **Exhibit A**.

(ECF 7). The foregoing facts stated and proved in the amended complaint is undisputed for purposes of entering judgment in favor of Plaintiff, pursuant to FRCP Rule 12(b)(c).

7.     On November 29, 2017, Defendant filed an answer to the amended complaint. (ECF 8). The following day, Defendant emailed to Plaintiff an offer of judgment, accepting liability of **$1,001** and an amount for attorney fees to be determined by the Court, which is enclosed as **Exhibit B**.  Plaintiff accepted the offer of judgment.

8.     Since then, in an effort to avoid motion practice, the Court and the parties have engaged in discussions in attempting to resolve the amount of attorney fees, and the parties have not been able to reach an amicable resolution. As such, the foregoing motion has become necessary.

9.     The following table consists of Plaintiff's costs of attorney fees of **35.25** hours in the amount of **$12,337.50**:

| Date | Description | Hours | Costs |
|------|-------------|-------|-------|
| 9/20/2017 | LH: Retrieved Plaintiff's bankruptcy records from Pacer, identified the relevant documents | 0.75 | 262.50 |
| 9/20/2017 | LK, LH: Interviewed client, reviewed the bankruptcy records | 1 | 350 |
| 9/21/2017 | LH: Preliminary research and creating outline for Complaint, research for potential class action, manually downloaded 73 complaints from PACER filed against NRA and reviewed them, identified at least four complaints in which NRA persisted collection on a discharged debt | 6 | 2,100 |
| 9/24/2017 | LK: Research and drafting Complaint, reviewed the defenses NRA interposed in similar actions, and sent to client for verification | 5 | 1,750 |
| 9/25/2017 | LK: Double checked all the facts and laws relied upon, drafted: civil cover sheet with proposed summons, and filed complaint on ECF | 1.5 | 525 |
| 11/8/2017 | LK: Review of answer, compared with allegations in complaint | 1 | 350 |
| 11/28/2017 | LK, LH: Email from Associate to counsel for Defendant Re: difficulty contacting | 0.1 | 35 |
| 11/28/2017 | LK: Drafted Amended complaint, double checked all the facts and laws relied upon to find errors or omissions, sent draft to client for verification, and filed on ECF | 1 | 350 |
| 11/29/2017 | LK: Review of Answer, compared with allegations in amended complaint | 0.75 | 262.5. |
| 11/30/2017 | LK, LH: Emails between Associate, and counsel for Defendant Re: settlement, procedural matters. | 1 | 350 |
| 11/30/2017 | LK: Review of Defendant's offer of Judgment and research of relevant case law. | 1 | 350 |
| 12/15/2017 | LK, LH: Further emails between Associate, and counsel for Defendant Re: settlement, procedural matters. | 1 | 350 |
| 2/5/2018 | LK: Letter from Plaintiff to the Court and accepting offer of judgement, reviewed letter with client, discussion with Plaintiff, and co-counsel | 1.5 | 525 |
| 2/13/2018 | LK: Reviewed letter filed by Defendant. | 0.5 | 175 |
| 2/21/2018 | LK: Travel to court for conference and attended conference. | 5.2 | 1,820 |
| 2/21/2018 | LK: Filed Joint discovery plan. | 1 | 350 |
| 2/22/2018 | LK: Met with client for one hour restates of anticipated judgment | 1 | 350 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 2/27/2018 | LK: Review of letter filed by Defendant. | 0.2 | 70 |
| 7/27/2018 | Telephone status conference.  Defendants requested that client speak with Judge ex-parte, the court indicated Plaintiff is entitled to legal fees. The Defendants said they would get back to us regarding certain payment plus judgment amount. Thereafter, telephone conference with client regarding foregoing. | 0.5 | 175 |
| 8/30/2018 | LK, LH: Review of emails from Defendants rejecting foregoing and discussion with client. | 0.5 | 175 |
| 8/31/2018 | LK, LH: Further discussion with client and responsive email demanding payment or that Plaintiff would commence with motion practice. Defendants did not respond to Plaintiff's counter demand | 0.5 | 175 |
| 11/11/2018 | LK: Drafting of motion for attorney fees, motion, and memorandum, sent to client for review | 3.5 | 1,225 |
| 11/15/2018 | LH: Reviewed Defendant's belated counter-offer in lieu of Joint Letter by email, and emailed response to Defendants. | .5 | 175 |
| 11/18/2018 | LK: Edited motion for attorney fees, joint status position mooted by within motion. | 1 | 350 |

10.     The forgoing table list Plaintiff's costs accumulated in this action in the amount of **$679.10** including Plaintiff's award.

| Date | Description | Amount |
|---|---|---|
| 9/20/2017 | LH: Pacer costs for retrieving bankruptcy records | 3.70 |
| 9/25/2017 | LK: Filing fee. | 400.00 |
| 10/20/2017 | LK: Service of complaint. | 185.00 |
| 11/21/2017 | LH: Pacer Research Costs for class action | 46.90 |
| 2/21/2018 | LK: Parking costs | 20.00 |
| 2/21/2018 | LK: Toll over GWB for Court conference | 15.00 |
| 2/21/2018 | LK: Toll over RFK for Court conference | 8.50 |

11.     The foregoing attorney fees and costs were reasonably incurred in this action, due to Defendant, and Plaintiff should recoup the judgment, fees, and costs in the amount of **$14,017.60**.

12.     Plaintiff has no other adequate remedy at law available to redress and

remedy this controversy for relief.

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and

award damages as follows:

a)  $1,001 in favor of Plaintiff;

b)  $12,337.50 for attorney fees subject to enhancment for such other amount Plaintiff may further incur in advancing the motion herewithin to bring this action to a conclusion;

c)  $679.10 for costs subject to enhancment for such other amount Plaintiff may further incur in advancing the motion herewithin; and

d)  For such other and further relief the Court finds as just and equitble in favor of Plaintiff.

Dated: Valley Stream, New York
       November 19, 2018

Respectfully submitted,

Law Offices of Lawrence Katz,

/s/      Lawrence Katz
By:    Lawrence Katz


## VERIFICATION

I Levi Huebner verify under the laws prohibiting perjury that all references made herein,

referring to me, are true and accurate to the best of my knowledge.

Dated: Brooklyn, NY
       November 19, 2018

Respectfully submitted,

/s/      Levi Huebner
By: Levi Huebner