Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK

| | |
|---|---|
| AMANDA HAGER,<br><br>*Plaintiff,*<br><br>- against -<br><br>NATIONAL RECOVERY AGENCY,<br><br>*Defendants.* | **Case:**     **17-7450** |

**MEMORANDUM OF LAW**

COUNSEL LAWRENCE KATZ of the LAW OFFICES OF LAWRENCE KATZ submits the following points of law:

1. 15 U.S.C.A. § 1692k states: Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of -- (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; … and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

2. Because the Defendant made an offer of judgment in the amount of $1,001, which Plaintiff accepted, there is no genuine issue at law that Plaintiff is entitled to judgment of $1,001.00.

3. Besides the statute allowing the recovery of reasonable costs and attorney fees, the offer of judgment also acknowledges the liability of reasonable and recoverable costs and attorney fees but defers to the Court the determination of what is "reasonable." Thus, this motion tasks the Court with determining the amount of reasonableness. This requires addressing two separate points, the cause for the fees Plaintiff incurred in prosecuting this action and the rate at which these fees were incurred.

### STANDARD

4. The FDCPA affords prevailing plaintiffs the right to recoup their reasonable attorneys' fees and costs. *See* 15 U.S.C.A. § 1692k(a)(3). Generally, courts use the "lodestar" method in evaluating a fee application and, indeed, the lodestar calculation is presumed to yield a reasonable attorney fee award. *Brian A. Piccinetti, V Clayton, Myrick, McClanahan & Coulter, PLLC, et al.*, 2018 WL 5313919, at *3 (D. N.J. Oct. 26, 2018). Under the lodestar method, an attorney's reasonable hourly rate is multiplied by the number of hours the attorney reasonably spent working on a matter. *Id*. "Reasonable hourly rates are typically determined based on the market rate in the attorney's community for lawyers of similar expertise and experience." *Id* (Internal citations omitted).

### CAUSE FOR THE FEES

5. This action is a straight forward issue, Defendant had every reasonable knowledge to know that Plaintiff discharged a medical bill, and still chose to dun the Plaintiff by claiming the debt is owed. In doing so, Defendant attempts to lure the least sophisticated consumer into making unintentional concessions to renew the liability of a discharged debt and even intimidate consumers to make payments for discharged debts.

6. Plaintiff in drafting this complaint found that Defendant had a pattern of dunning other consumers on discharged debt. See **Exhibit C, Exhibit D**, **Exhibit E,** and **Exhibit F**. The Defendant's persistent violation of dunning consumers for discharged debt is of such pattern that Plaintiff's efforts in prosecuting this case serves to vindicate such other consumers and end Defendant's illegal practice. The complaint identified five claims for relief, none of which has been dismissed or challenged by Defendant. Thus, the fees Plaintiff incurred in bringing this action, come from due diligence in drafting the complaint, researching the issues and facts at law, identifying the pattern of FDCPA violations, which are all reasonable and recoverable attorney fees that Defendant caused Plaintiff to incur.

7. Defendant having had notice of the complaint and the collection letter at issue knew that the action was meritorious and brought timely. Instead of resolving this case then and avoiding the incurrence of further attorney fees, Defendant sought to invoke a frivolous defense claiming statute of limitations (ECF 4 p. 8) based on a single typographical number in the complaint being "2015" instead of "2017," despite the complaint clearly referred to the exhibit of the collection letter and gave proper notice to Defendant. (ECF 1 ¶ 24). Defendant frivolously invoked a defense of statute of limitations despite FRCP Rule 61 requires disregarding typographical errors, thus causing Plaintiff to amend the complaint in an effort to avoid pointless defenses. Thus, the fees Plaintiff incurred in reviewing the answer and amending the complaint are reasonable and recoverable attorney fees that Defendant caused Plaintiff to incur.

8. After Plaintiff amended the complaint, Defendant filed its answer and the following day made an offer of judgment. Instead of a good faith attempt to resolve the issue of attorney fees, Defendant sought to procrastinate the resolution of this case. As a result, the Court was required to hold three status conferences, including an in-person conference, and at one

status conference Defendant went on to ask the Court to have an ex-parte meeting with its client (of which Plaintiff consented). Thus, the fees Plaintiff incurred in appearing at each conference, briefing the Court on discovery, and reaching out to Defendant in an effort to resolve this case are all reasonable and recoverable attorney fees that Defendant caused Plaintiff to incur.

## Hourly Rate

9. Katz and Huebner are both experienced attorneys with years of experience and have an extensive background in FDCPA and consumer cases. Their reduced hourly rate of $350 is reasonable. In *Brian A. Piccinetti, vs Clayton, Myrick, McClanahan & Coulter, PLLC, et al.*, 2018 WL 5313919, at *5-6 (D. N.J. Oct. 26, 2018) the Court adopted the hourly rate of $400 and $350 to be reasonable. *Piccinetti* relied on the 2015-2016 United States Consumer Law Attorney Fee Survey Report, enclosed as **Exhibit G**, which outline the hourly rate for attorneys with the experience Katz and Huebner have as starting at $350. In comparison, the rates published by the Department of Justice for the U.S. Attorney's Office as the Attorney's Fees Matrix — 2015-2019, enclosed as **Exhibit H**, lists the starting rate as $410 for attorneys with 10+ years of experience. As such, the hourly rate of $350 is reasonable.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and
   award damages as follows:

   a) $1,001 in favor of Plaintiff;

   b) $12,337.50 for attorney fees subject to enhancment for such other amount Plaintiff may further incur in advancing the motion herewithin to bring this action to a conclusion;

   c) $679.10 for costs subject to enhancment for such other amount Plaintiff may further incur in advancing the motion herewithin; and

    d) For such other and further relief the Court finds as just and equitble in favor of Plaintiff.

Dated: Valley Stream, New York
       November 19, 2018

                          Respectfully submitted,

                          Law Offices of Lawrence Katz,

                          /s/      Lawrence Katz
                          By:    Lawrence Katz