Lawrence Katz, Esq.
Law Offices of Lawrence Katz,
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
516-374-2118

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK

| | |
|---|---|
| AMANDA HAGER,<br><br>                    *Plaintiff,*<br><br>- against -<br><br>NATIONAL RECOVERY AGENCY,<br><br>                    *Defendants.* | Case:          17-7450 |

**REPLY TO DEFENDANT'S OPPOSITION**

COUNSEL LAWRENCE KATZ of the LAW OFFICES OF LAWRENCE KATZ submits the following points of law:

1. On November 11, 2018, Plaintiff filed a motion for attorney fees to bring this case to an ultimate conclusion. On December 3, 2018, Defendant filed its opposition seeking to litigate this case further to the point of no end. Thus, a reply is warranted.

2. Plaintiff denies all the allegations and characterizations made by Defendant in its Memorandum of Law in Opposition and states the following based upon personal knowledge.

3. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.A. § 1692k(a)(3), allows a prevailing consumer to recover reasonable attorney fees.

4. The issue presented here, Defendant made an offer of judgment to include an unspecified amount of reasonable attorney fees "as determined by the Court," and the parties are forced to engage the Court on setting the amount of attorney fees. Defendant has dragged its feet

in resolving the amount of attorney fees, forced the Court to hold three (3) conferences thus incurring more attorney fees to the prevailing party, and claims that the prevailing party should not be paid for the costs of attending these conferences. This is evidenced by the Defendant's inclusion of its offer of $2,500 (ECF 25 at *4), made for the first time on February 21, 2018 at the in-person status conference,[1] to include Plaintiff's $1,001 judgment and $679.10 in hard costs, and leaving the amount of $819.90 for attorney fees, not even sufficient to cover attorney's fees for that conference, let alone for the within matter. This fallow offer by Defendant and the vague FRCP Rule 68 offer, are machinations of Defendant at Plaintiff's expense. This posture is contrary to the purpose of FRCP 68, which seeks to promote a prompt resolution of an action, "A settlement offer that compensates counsel for a mere fraction of its efforts deters parents from exercising their due process rights and, as such, is inimical" to the statute's purpose. *Rena C. v. Colonial Sch. Dist.*, 890 F.3d 404, 419 (3d Cir.), *cert. denied,* 139 S. Ct. 244 (2018). The Third Circuit's observation in *Rena* is no different for consumers who are exercising their rights under the FDCPA.

5. Nonetheless, by leaving an unspecified amount of reasonable attorney fees "as determined by the Court," Defendant declared its intention to litigate the amount of attorney fees and should pay for such privilege, as evidenced by its history of only making partial offers, and payout offers, for a fraction of Plaintiff's attorneys fees after each Court scheduled appearance. Each of the amounts cited by Defendant's as a settlement offer were made only after the Court had scheduled an appearance and convened the parties. Defendant having caused the incurrence of the expense of court appearances offers no explanation for having taken that route. Likewise, on August 30, 2018 the parties had finally reached a settlement in the presence of Judge Michael

---

[1] The Defendant's offer of judgment was served on November 30, 2017.

A. Hammer, the agreement fell apart after the conference when Defendant's began playing games on the terms of payment and attempting again to nickel and dime that very settlement agreement (again offering a discounted payment for payment forthwith).  At the same conference, Judge Hammer cautioned Defendant that the failure to resolve this case will expose them to the costs of a motion for attorney fees. It was not until after Plaintiff had completed drafting the instant motion that Defendant pretended to offer another settlement using ambiguous terms, which again would have not resolved this case, requiring Plaintiff to move ahead with the instant motion.

6. Plaintiff objects and requests that the Court exclude Defendant's inclusion of settlement discussions and sums proposed. See Fed. Rules of Evidence 408(a). These settlement discussions are not probative in any way. For example, the Plaintiff brought this action because Defendant's continuous collection of a discharged debt caused actual damages pursuant to 15 U.S.C.A. § 1692k(a)(1) beyond the statutory amount of § 1692k(a)(2)(A). Before accepting the offer of judgement Plaintiff sought to include a reasonable amount for the actual damages combined with the statutory damages, but in an effort to resolve this case Plaintiff accepted the offer of judgment. Defendant having made an offer of judgment, which was accepted, is now precluded from probing Plaintiff's actual damages.

7. Plaintiff has accepted Defendant's offer of judgment, as to settling the causes of action and accepting attorney fees. However, Defendant failed to convey an offer of judgment that resolved the amount of attorney fees. As indicated, in a letter filed with the Court on February 5, 2018, (ECF 10), the joint discovery plan filed on February 20, 2018 (ECF 16) and the offer of judgment which left reasonable attorney fees to be "determined by the Court."

Defendant's attempt to characterize its offer of judgment as a "contract" with a cutoff date for attorney fees is absurd and precluded by duress and unconscionability.

8. "[T]he right of freedom to contract is not such an immutable doctrine as to admit of no qualification." *Rodriguez v. Raymours Furniture Co.*, 225 N.J. 343, 361 (2016). "The right must recede to prevent its abuse, as otherwise it could be used to override all public interests." *Id*. For example, "arbitration agreements may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Roman v. Bergen Logistics, LLC*, 456 N.J. Super. 157, 165 (App. Div. 2018). Duress exist when a party is deprived from "unfettered will." *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 329 F. Supp. 3d 56, 70 (D.N.J. 2018). The doctrine of duress involves "unfair dealing at the contract formation stage." *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1428 (2017).

9. Here, the offer of judgment exceeded the statutory amount of damages by $1, which means pursuant to Rule 68(d) if Plaintiff would not prevail on showing amount above and beyond of the offer of judgment, she (an indigent party) would become responsible for Defendant's attorney fees. If, however, Plaintiff made a counter demand on the offer of judgment, Defendant would have rejected it, which is now evidenced by the "$2,500" settlement offer that only sought to cover a fraction of Plaintiff's costs. With either route, Plaintiff was forced into a situation that was not negotiated, but rather, imposed by Defendant.

10. Instead the appropriate review is that Rule 68 offers a way to moot claims. Rule 68 is not a shield for a Defendant, who refuses to resolve attorney fees and leaves the Plaintiff to litigate the amount, forcing the Court to resolve the issue, and Defendant later disclaims the costs of such litigation. As evidenced by Defendant's opposition, despite having made the offer to pay "reasonable and recoverable attorney fees and costs earned through and including 14 days after

the making of this Offer as determined by the Court" Defendant engages in litigating and opposing Plaintiff's bill of costs of reasonable and recoverable attorney fees earned. In one way or the other, Defendant cannot claim that its offer of judgment resolved the attorney fees up to December 29, 2017 when at the same time Defendant is opposing the very same attorney fees it allegedly resolved. Defendant's using its offer of judgment to play fast and loose, claiming the attorney fees were resolved when clearly it was not is precluded by the doctrine of unconscionability.

11. In the same vein, Defendant's attempt to disclaim the attorney fees surrounding the amended complaint is absurd. Had Defendant wanted its offer of judgment to exclude the costs for amending the complaint, the offer of judgment should have itemized so. Here amending the complaint was necessary due to Defendant invoking a frivolous defense of statute of limitations. While Plaintiff has thoroughly reviewed the original complaint before filing it, a mere typo of a "5" instead of a "7" was a non-prejudicial error, which Defendant's knew was superseded by its Exhibit D referred to in the same sentence, the collection letter at issue. Defendant's word mincing and playing with the sincerity of the process is precisely why Defendant caused Plaintiff to incur the expense of amending the complaint.

12. Also, Defendant projects that Plaintiff could have used a boilerplate format to draft the complaint; that is simply not true. An FDCPA complaint requires considerable amount of research given the evolution of multiple case law. For instance, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016) require FDCPA claims to be based upon a concrete injury and *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015) require an FDCPA violation to be material. Each element of the complaint must be reviewed to ensure that they comport with latest precedent of case law. Likewise, each claim for relief must be researched to withstand a pre-

answer motion to dismiss and is a task that requires a substantial amount of time. In this case, Plaintiff's research produced the necessary evidence to support that Defendant's practice of collecting on discharged debt is an ongoing pattern in utter disregard of the FDCPA.

## **CONCLUSION**

Defendant's opposition caused Plaintiff to incur four hours (4), at $350 per hour, where the undersigned had to review Defendant's opposition, draft this reply, survey the relevant case law, lookup the case law cited by Defendant, and finalize this draft. As such, $1,400 should be added the cost of bringing this motion.

**WHEREFORE**, Plaintiff respectfully asks the Court to enter judgment in Plaintiff's favor and award damages as follows:

a) $1,001 in favor of Plaintiff;

b) $12,337.50 for attorney fees subject to enhancment and for such other amount Plaintiff may further incur in advancing the motion herewithin to bring this action to a conclusion;

c) $1,400 for replying to Defendant's opposition;

d) $679.10 for costs subject to enhancment for such other amount Plaintiff may further incur in advancing the motion herewithin; and

e) For such other and further relief the Court finds as just and equitble in favor of Plaintiff.

Dated: Valley Stream, New York
December 17, 2018

Respectfully submitted,
Law Offices of Lawrence Katz,

/s/   Lawrence Katz
By:   Lawrence Katz